UNITED STATES DISTRICT COURT       FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MICHAEL WALKER,

             Plaintiff,

          - against-                        MEMORANDUM
                                          AND ORDER
THE COMMISSIONER OF THE NYS DEPT.     14-CV-6976 (JG)(RLM)
OF LABOR & UNEMPLOYMENT; MS.
SUSAN SOLTIS; MR. RICHARD SCARDINO;
HUMAN RESOURCES DEPARTMENT;
 CIVIL COURT OF THE CITY OF NEW YORK,
KINGS COUNTY; MARC FINKELSTEIN, Housing
Court Judge; NYC MARSHAL #60 DIANE
POLLARD; COMMISSIONER OF THE NYC.
DEPT. OF HUMAN RESOURCES; JOE TULSA;
BEVERLY SANTIAGO; DYNAMEX DELIVERY
SERVICES; APPELLATE TERM OF THE SUPREME
COURT OF THE STATE OF NEW YORK FOR THE 2ND,
11TH AND 13TH JUDICIAL DISTRICTS; JUDGE
MICHAEL L. PESCE; JUDGE THOMAS P.
ALIOTTA; JUDGE DAVID ELLIOT; JOHN
BOEHNER, United States House of Representatives
Speaker,
             Defendants.
--------------------------------------------------------x
JOHN GLEESON, United States District Judge:

          On December 1, 2014, *pro se* plaintiff Michael Walker filed this complaint against

various New York State and City government agencies and employees, his former employer and

two of its employees, and New York State courts and judges, alleging, *inter alia*, that they have

conspired to deprive him of his housing, livelihood and unemployment benefits in violation of the

Racketeer Influenced and Corrupt Organizations Act ("RICO").   He seeks unemployment

benefits and damages.   Compl. at 4-5.   With his complaint, plaintiff filed an Order to Show

Cause for Preliminary Injunction and Temporary Restraining Order seeking the restoration and

back payment of his unemployment benefits.   Plaintiff also filed a request for appointment of

counsel.   I grant the request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).
However, except for the claims of employment discrimination against Dynamex Delivery Services
("Dynamex") and two of its employees, Joe Tulsa and Beverly Santiago, the claims in the
complaint are dismissed.[1]   Plaintiff's request for a temporary restraining order or preliminary
injunction and his motion for appointment of counsel are denied for the reasons set forth below.

*Background*

The following facts are drawn from plaintiff's complaint and his order to show
cause, and the matching sets of 24 exhibits he attaches to each, the factual allegations of which are
assumed to be true for purposes of this Memorandum and Order.   Plaintiff has suffered a series of
unfortunate occurrences since 2012: he has been evicted from his apartment; hit by a car; lost his
job; been denied unemployment benefits; and is currently unemployed and unable to pay his rent.

On May 25, 2012, plaintiff was evicted from the apartment he lived in with Sheryl
Walker at 751 Hart Street in Brooklyn, New York by Order of the Civil Court of the City of New
York, County of Kings, Index No. 10674/2011 (Respondent, Sheryl Walker).   In July 2012, he
was hired by Dynamex as a courier.   In July 2014, plaintiff requested a modified position with
Dynamex which would involve less standing due to his medical condition, edema, for which he
had been receiving medical treatment for over a year.   On August 14, 2014, plaintiff was hit by a
car when crossing a street in the Bronx.   He spent the night in the hospital, but returned to work
the next day, noticeably limping.   Over the course of the next two weeks he saw a series of doctors
and missed work.   When he returned to work, he was told that his doctors' notes were insufficient
because he had already been fired.   Plaintiff states that he was fired from Dynamex on August 29,
2014.

---

1   Read strictly, the complaint appears to assert claims only against the individuals; but read liberally, as I must
read *pro se* complaints, it asserts a claim of disability discrimination against Dynamex.

Plaintiff filed for unemployment insurance benefits, which were initially granted, but subsequently denied by the New York State Department of Labor on September 22, 2014 because he had abandoned his job.   The benefits were denied again after plaintiff sought review of that decision; in a "redetermined determination" dated October 27, 2014, the benefits were denied on the ground that he failed to appear for work on three dates in August 2014.   Plaintiff requested a fair hearing with the New York State Department of Labor on September 29, 2014, the status of which is not discernable from the complaint.

There is a separate (but difficult to comprehend) strain of allegations concerning Sheryl Walker's "A-1 Special Advocates LLC/NO FEAR MILLIONAIRE" and its "$100 Billion Dollar Sweat Equity Plan to create 10 million new jobs by preventing 10 Million home owners from losing their homes" which is referenced in the submissions both as plaintiff's potential future employer and as a basis for Sheryl Walker's November 12, 2014 motion to vacate the housing court eviction, a copy of which is attached to the complaint and order to show cause.   The motion was denied on November 20, 2014.

On November 22, 2014, plaintiff filed a Verified Complaint with the New York State Division of Human Rights against Dynamex and two of its employees alleging violations of New York state law and the Americans with Disabilities Act.   Plaintiff has also filed a sick leave complaint with the New York City Consumer Affairs Department, which was acknowledged by letter dated October 28, 2014, and submitted a letter dated November 12, 2014 to the United States Attorney's Office for the Eastern District of New York seeking criminal prosecution of the defendants named herein under the RICO Act, 18 U.S.C. §§ 1961-1968.

Read liberally, plaintiff's complaint names the following 16 defendants to this action: (1) the judge who presided over the eviction proceeding in Kings County Housing Court,

3

Mark Finkelstein; (2) the marshal who executed the eviction warrant, Diane Pollard; (3-6) the appellate court that affirmed the eviction decision, the Appellate Term of the Supreme Court of the State of New York, and the three judges of that court who made that decision, Michael L. Pesce, Thomas P. Aliotta, and David Elliot; (7-9) Dynamex, and two of its employees, Joe Tulsa and Beverly Santiago; (10-12) the Commissioner of the New York State agency that makes unemployment insurance decisions, the New York State Department of Labor and Unemployment, and two of its employees, Susan Soltis and Richard Scardino; (13-14) the New York City Human Resources Department and its Commissioner; (15) the Civil Court of the City of New York, Kings County; and (16) the Speaker of the House of Representatives, John Boehner.   Plaintiff states that the Court has jurisdiction over his claims under the RICO Act.

*Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   An action is frivolous "when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory."   *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citations and quotations omitted).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotations omitted), a complaint must plead enough facts to state a claim to relief that is plausible on its face.   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that

4

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).   While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   *Id.* (quoting *Twombly*, 550 U.S. at 555).   Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"   *Id.* (quoting *Twombly*, 550 U.S. at 557).

Notwithstanding the liberal pleading standard afforded to *pro se* litigants, plaintiff must establish that the court has subject matter jurisdiction over the action.   *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see also Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).   "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived."   *United States v. Cotton*, 535 U.S. 625, 630 (2002).   Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."   *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).   "Where jurisdiction is lacking, . . . dismissal is mandatory*."   United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see also* Fed. R. Civ. P. 12(h)(3).

*Discussion*

A.    *The RICO Claim*

Plaintiff seeks to invoke the Court's federal question jurisdiction, 28 U.S.C. § 1331, by alleging that defendants have violated RICO, 18 U.S.C. § 1961 *et seq.*   He states that his former employers and various government agencies have conspired to "ruin his career and

5

financial ability to support [him]self."   Compl. at 2.   Plaintiff does not state under what provisions of the RICO statute he commences this lawsuit, and even giving the complaint the sympathetic reading to which it is entitled, I conclude that Walker's complaint is not cognizable under the RICO statute.

      1.    *Standard*

      RICO was enacted to "prevent organized crime from infiltrating America's legitimate business organizations."   *Moccio v. Cablevision Sys. Corp*., 208 F. Supp. 2d 361, 371 (E.D.N.Y. 2002).   The Act contains both criminal and civil provisions.   *See* 18 U.S.C. §§ 1962-64.   The civil enforcement provision of RICO provides that "[a]ny person injured in his [or her] business or property by reason of a violation of section 1962 . . . may sue therefor in any appropriate United States district court and shall recover threefold the damages . . . and the cost of the suit, including a reasonable attorney's fee . . . ."   18 U.S.C. § 1964(c).   Section 1962 provides that:

(a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in . . . the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce . . . .

(b) It shall be unlawful for any person through a pattern of racketeering activity . . . to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . .

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. § 1962.

To demonstrate standing to bring a RICO claim, a plaintiff must plead, at a minimum, "(1) the defendant's violation of § 1962, (2) an injury to the plaintiff's business or property, and (3) causation of the injury by the defendant's violation." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 120 (2d Cir. 2003) (internal quotations and citations omitted). The third requirement is satisfied if the defendant's injurious conduct is both the factual and the proximate cause of the injury alleged." *Id.* A Section 1962 violation requires proving "that the defendant participated or conspired to participate, directly or indirectly in the conduct of an enterprise through a pattern of racketeering activity." *United States v. Burden*, 600 F.3d 204, 214 (2d Cir. 2010); *see also* 18 U.S.C. § 1962.

2.      *Application of the Law*

Walker makes no effort to identify what sort of RICO violation he alleges. The best I can do in trying to glean such a claim from his disparate allegations is that the various defendants constituted an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4), and that each of them conducted, or participated in the conduct of, the affairs of such an enterprise through a pattern of racketeering activity. Thus, Dynamex participated in the affairs of the enterprise by firing Walker; the Commissioner of the Department of Human Services did so by refusing him food stamps; Speaker Boehner participated by preventing the extension of his employment benefits; and so on. *See* Compl. at 2-3.

These allegations do not support a plausible inference of either an enterprise or patterns of racketeering activity by the defendants. The complaint fails to meet even minimal RICO pleading requirements. For example, the RICO enterprise must have an ascertainable

7

structure distinct from the pattern of racketeering activity in which its members engage.   *United States v. Turkette*, 452 U.S. 576, 583 (1981).   As the Supreme Court stated in *Turkette*, "[t]he enterprise is not the 'pattern of racketeering;' it is an entity separate and apart from the pattern of activity in which it engages."   *Id.*   When applying *Turkette*, the Second Circuit has looked for evidence of an enterprise's "hierarchy, organization, and activities," as well as whether its "members functioned as a unit."   *United States v. Coonan*, 938 F.2d 1553, 1560-61 (2d Cir. 1991), *cert. denied*, 503 U.S. 941 (1992); *see also Moy v. Terranova*, No. 85-cv-1578 (SJ), 1999 WL 118773, at *5 (E.D.N.Y. Mar. 2, 1999) (dismissing a complaint for failure "to offer any allegations regarding the continuity or structure of the group or how the entities joined together"). Here, there are no factual allegations of hierarchy or organization, or of any structure at all, among the alleged conspirators.   Nor has plaintiff alleged any racketeering activity, let alone a pattern of such activity, to establish the claim.   While he sets forth a long list of injuries he has suffered – the loss of his job, benefits, apartment – the only connection among the incidents is him, not the defendants.   There are no facts in the complaint or its attachments that could give rise to an inference that the defendants worked together to create plaintiff's prolonged period of misfortune, nor that they have done so within the meaning of Section 1962.   Because the plaintiff's complaint lacks an arguable basis in fact and law, it is dismissed as frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i).

      B.   *Other Deficiencies of Plaintiff's Complaint*

      Despite a liberal reading of the complaint, there is nothing to suggest that defendants violated plaintiff's constitutional rights or discriminated against plaintiff in violation of any federal statute.   While I am sympathetic to plaintiff's series of unfortunate events, he has not presented a cognizable federal claim.   The complaint against defendants must be dismissed

because plaintiff fails to state a claim that would confer jurisdiction upon this court pursuant its federal question or diversity jurisdiction.[2] *Manway Constr. Co. Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

Further, most of the parties that plaintiff has named to this suit are absolutely immune from suit. Judicial immunity protects the judges from suit, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), and the Eleventh Amendment bars suits against New York State and its agencies and courts, *see, e.g., Jackson v. N.Y. State Dep't of Labor*, 709 F. Supp. 2d 218, 225-26 (S.D.N.Y. 2010) (DOL, as an agency of the State of New York, is entitled to Eleventh Amendment immunity); *Phipps v. N.Y. State Dep't of Labor*, 53 F. Supp. 2d 551, 558 (N.D.N.Y. 1999) (barring plaintiff from bringing NYSHRL claims against DOL on Eleventh Amendment grounds); *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (holding that the New York State Unified Court System is unquestionably an "arm of the State" and is entitled to Eleventh Amendment sovereign immunity); *McKeown v. N.Y. State Comm'n on Judicial Conduct*, 377 F. App'x 121, 122-23 (2d Cir. May 18, 2010) (summary order) (noting that state courts, as "arms of the State are immunized from suit.") (internal quotations and citation omitted)); *see also* N.Y. CONST. art. 6, § 1 (creating the unified court system).

Moreover, to the extent plaintiff seeks to challenge his 2012 eviction, the Court does not have subject matter jurisdiction over his claim because it is a matter of state law. *McMillan v. Dep't of Bldgs.*, No. 12-cv-318 (ENV), 2012 WL 1450407, at *2 (E.D.N.Y. Apr. 26, 2012) (federal court lacks jurisdiction over eviction proceedings); *Kheyn v. City of New York*, Nos. 10-cv-3233 (SLT), 10-cv-3234 (SLT), 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010) (citing cases); *Rosquist v. St. Marks Realty Assoc., LLC*, No. 08-cv-2764 (NGG), 2008 WL 2965435, at *2

---

2       Plaintiff alleges that he resides in New York and the defendants are located in New York.

(E.D.N.Y. Aug. 1, 2008) (citations omitted) (finding no subject matter jurisdiction over claims arising from plaintiff's disputes with his landlord and an eviction proceeding).

Speaker Boehner, for his part, is immune from private suit for "pass[ing] laws," Compl. at 1, under the Speech or Debate Clause of the Constitution.   That clause provides that "for any Speech or Debate in either House, [Senators and Representatives] shall not be questioned in any other Place."   U.S. CONST. art I, § 6, cl 1.   The Supreme Court has held that this clause applies to private civil actions brought against members of Congress, *see Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 502 (1975), and covers "the act of voting" as well as "things generally done in a session of the House by one of its members in relation to the business before it."   *Gravel v. United States*, 408 U.S. 606, 617-18 (1972) (citations and quotations omitted); *see also Jenkel v. 77 U.S. Senators*, No. C03-1234 (VRW), 2003 WL 22016788 (N.D. Cal. Aug. 12, 2003).

Similarly, courts in this district have found no subject matter jurisdiction over denial of state unemployment benefits.   *See, e.g.*, *Shehabeldin v. GSI,* No. 11-cv-5853 (CBA), 2011 WL 6761070, at *2 (E.D.N.Y. Dec. 23, 2011); *see also Almanzar v. Zam Realty Mgmt. Co., LLC*, No. 11-cv-1168 (DLC), 2011 WL 5865259, at *2 (S.D.N.Y. Nov. 21, 2011).   In any event, plaintiff's unemployment benefits application appears to be pending before the New York State Department of Labor.   Plaintiff is advised to pursue his remedies before the New York State Department of Labor and in state court.   *Almanzar,* 2011 WL 5865259 at * 1 (outlining the procedures Almanzar followed in contesting a denial of state unemployment benefits).   The handling of unemployment insurance benefits claims was committed to the administrative process by the New York Legislature.   N.Y. Labor Law §§ 620-26 (McKinney 2010).   After a decision

10

by the administrative agency, an adverse determination may be appealed to the courts of the state.

N.Y. Labor Law § 624 (McKinney 1977).

C.      *Order to Show Cause*

Plaintiff seeks the immediate reinstatement of his unemployment benefits on the

grounds that he is "on the verge of losing [his] room" and has "no money to buy food and [is] also

an insulin diabetic."   Order to Show Cause, ECF No. 4, at 2.

Again, though I am sympathetic to plaintiff's plight, his request is denied.   He has

not made the requisite showing for such extraordinary relief, that is, irreparable harm absent

injunctive relief; a likelihood of success on the merits or a serious question going to the merits to

make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's

favor; and that the public's interest weighs in favor of granting an injunction.   *Red Earth LLC v.*

*United States*, 657 F.3d 138, 143 (2d Cir. 2011); *see also Grand River Enter. Six Nations v. Pryor*,

481 F.3d 60, 66 (2d Cir. 2007) (citations omitted) (A district court has "wide discretion in

determining whether to grant a preliminary injunction," which "is one of the most drastic tools in

the arsenal of judicial remedies.").   Here, plaintiff has failed to demonstrate that he is likely to

succeed on the merits.

Moreover, although it may be frustrating to plaintiff, there is an ongoing process

within the New York State Department of Labor regarding the denial of his unemployment

benefits through which plaintiff may seek review of the DOL's determination and if he is

dissatisfied there, he may file a claim in state court.

D.      *Claims of Employment Discrimination*

Plaintiff's asserts that Dynamex and two of its employees committed disability

discrimination by firing him on account of his medical condition and by refusing to make

11

reasonable accommodations for him in the workplace.   The Americans with Disabilities Act

("ADA") incorporates the enforcement provisions of Title VII of the Civil Rights Act of 1964,

which include the requirement that a plaintiff file a charge of discrimination with the EEOC prior

to commencing an action for employment discrimination in federal court.   *See* 42 U.S.C. §§

12117(a); 2000e-5(e) & (f); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d

Cir. 2001) ("Exhaustion of administrative remedies through the EEOC is an essential element of

the Title VII . . . statutory scheme[ ] and, as such, a precondition to bringing such claims in federal

court.") (citations and quotations omitted).

> The Second Circuit has held that presentation of a Title VII claim to the EEOC is
not a jurisdictional prerequisite, but only "a precondition to bringing a Title VII action that can be
waived by the parties or the court."   *See Francis v. City of New York*, 235 F.3d 763 (2000); *Holtz
v. Rockefeller & Co.*, 258 F.3d 62, 82 n. 5 (2d Cir. 2001); *see also Ayala v. Metro One Sec. Sys.,
Inc.*, No. 11-cv-233 (JG)(ALC), 2011 WL 1486559, at *3 (E.D.N.Y. Apr. 19, 2011).

> District courts in this circuit have likewise found exhaustion a non-jurisdictional
precondition to filing an ADA claim.   *See, e.g.*, *D'Lima v. Cuba Mem'l Hosp., Inc.*, 833 F. Supp.
2d 383, 388 (W.D.N.Y. 2011) ("Exhaustion [of an ADA claim] is not a jurisdictional prerequisite,
but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable
tolling.") (citation omitted); *McAllister v. Connecticut Renaissance Inc.*, No. 3:10-cv-1488
(WWE), 2011 WL 1299830, at *2 (D. Conn. Apr. 5, 2011) (same), *aff'd*, 496 F. App'x 104 (2d Cir.
2012).

> As such, even though plaintiff's administrative complaint appears to be pending
before the agency, *see* ECF No. 1 at 62, I cannot dismiss these claims on jurisdictional grounds at
this stage.   Any issue arising out of the status of the administrative proceedings may be advanced

by the remaining defendants – Dynamex, Tulsa, and Santiago in an appropriate motion.

*Conclusion*

Accordingly, except for the disability discrimination claim against Dynamex, Joe Tulsa, and Beverly Santiago, which shall proceed, I dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).   Plaintiff's request for a temporary restraining order or preliminary injunction is denied, as is his application for the appointment of counsel.   Any state law claims that plaintiff may have asserted (other than those arising out of the allegations of disability discrimination) are dismissed.

So ordered.


John Gleeson
United States District Judge

Dated: Brooklyn, New York
         January 8, 2015

13