UNITED STATES DISTRICT COURT    FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

MICHAEL WALKER,

                                            Plaintiff,       MEMORANDUM
                                                          AND ORDER
      - versus -                                   14-CV-6976 (JG)(RML)

JOE TULSA; BEVERLY SANTIAGO; and
DYNAMEX DELIVERY SERVICES,

                                        Defendants.

A P P E A R A N C E S:

    MICHAEL WALKER
        707 Seneca Avenue
        Ridgewood, New York 11385
        *Plaintiff Pro Se*

    JACKSON LEWIS P.C.
        Jeffrey W. Brecher
        Alex Villanella
        58 South Service Road, Suite 250
        Melville, New York 11747
        *Attorneys for Defendants*

JOHN GLEESON, United States District Judge:

        On December 1, 2014, Plaintiff Michael Walker filed a *pro se* Complaint against various New York State and City government agencies and employees, his former employer and two of its employees, and New York State courts and judges, alleging, *inter alia*, that they had conspired to deprive him of his housing, livelihood and unemployment benefits in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). On January 8, 2015, I granted Mr. Walker's request to proceed *in forma pauperis* and dismissed all claims in the Complaint except for those of employment discrimination against Dynamex Delivery Services

("Dynamex") and two of its employees, Joe Tulsa and Beverly Santiago. The caption has been amended to reflect only the parties remaining in the dispute.

The remaining Defendants now move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1] For the reasons given below, the motion is granted.

BACKGROUND

The following facts are drawn from the Complaint, Walker's Order to Show Cause,[2] and the matching sets of 24 exhibits he attaches to each. I assume all the factual allegations contained therein to be true. Dynamex hired Walker as a courier in July 2012 and, it appears that Tulsa and Santiago were his managers at the company. In July 2014, Walker requested a modified position with Dynamex which would involve less standing due to his medical condition, edema, for which he had been receiving medical treatment. On August 14, 2014, Walker was hit by a car when crossing a street in the Bronx. He spent the night in the hospital, but returned to work the next day, noticeably limping. Over the course of the next two weeks he saw a series of doctors and missed work. When he returned to work, he was told that his doctors' notes were insufficient because he had already been fired. Walker states that he was fired from Dynamex on August 29, 2014.

On November 22, 2014, Walker signed a draft verified complaint to the New York City Commission on Human Rights against Dynamex and two of its employees, "Joe

---

[1] Defendants also assert that the Court lacks personal jurisdiction over Tulsa and Santiago because they were improperly served. On the facts before me, I would ordinarily conduct an evidentiary hearing to determine whether service was adequate, but as I am dismissing the Complaint on other grounds, I find that such a hearing would be moot.

[2] With his Complaint, Mr. Walker filed an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order seeking the restoration and back payment of his unemployment benefits. I denied these applications in my January 8, 2015 Order. ECF No. 6.

Tusa" and "Carmillio 'Doe'," alleging violations of New York law and the Americans with Disabilities Act ("ADA").

DISCUSSION

    A.    *Legal Standard*

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must allege sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bigio v. Coca-Cola Co.*, 675 F.3d 163, 173 (2d Cir. 2012). In making this determination, a court should assume the truth of all well-pleaded allegations in the complaint "and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citation omitted)). In deciding a motion to dismiss, a court considers "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken . . . ." *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

    B.    *Failure to State a Claim*

        1.    *Individual Liability under the ADA*

The ADA incorporates the enforcement provisions of Title VII of the Civil Rights Act of 1964, as codified in 42 U.S.C. § 2000e–5. *See* 42 U.S.C. § 12117(a) (providing that "[t]he powers, remedies, and procedures set forth in section[ ] . . . 2000e–5 . . . of this title shall be the powers, remedies, and procedures this subchapter provides to . . . any person alleging discrimination on the basis of disability"). The remedial provisions of Title VII, including 42 U.S.C. § 2000e–5, do not provide for individual liability. *See Spiegel v. Schulmann*, 604 F.3d

72, 79 (2d Cir. 2010) (finding individual liability unavailable under the ADA's anti-retaliation provision); *Tomka v. Seiler Crop.*, 66 F.3d 1295, 1313-14 (2d Cir. 1995).

Accordingly, Walker's ADA claims against Tulsa and Santiago, his managers at Dynamex, cannot be maintained and must be dismissed.

2.   *Administrative Exhaustion*

The enforcement provisions of Title VII also include the requirement that a plaintiff file a charge of discrimination with the EEOC or authorized state or local agency prior to commencing an action for employment discrimination in federal court. *See* 42 U.S.C. §§ 12117(a), 2000e–5(e) & (f); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) ("Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII . . . statutory scheme[ ] and, as such, a precondition to bringing such claims in federal court.") (citations and quotations omitted). Administrative exhaustion is a precondition to maintaining Title VII actions in district court, and plaintiffs may only pursue claims in district court that were either included in, or that are reasonably related to, allegations contained in EEOC complaints. *See McGrath v. Nassau Health Care Corp.*, 217 F. Supp. 2d 319, 325 (E.D.N.Y. 2002); *Legnani*, 274 F.3d at 686; *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 83 (2d Cir. 2001); *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) (holding that administrative exhaustion is only a precondition to bringing a Title VII action in federal district court and is not a jurisdictional requirement). The Second Circuit has found that the New York City Commission on Human Rights ("NYCCHR") is an appropriate local agency through which to pursue a claim alleging an unlawful employment practice. *See Parks v. New York City Dep't of Corr.*, 253 F. App'x 141, 143 (2d Cir. 2007); *Harris v. City of New York*, 186 F.3d 243, 247

4

n.2 (2d Cir. 1999) (characterizing New York as a so-called "deferral state" for purposes of Title VII).

Though the Complaint makes no mention of the NYCCHR proceedings, Walker's attaches a draft verified complaint to the NYCCHR, signed and notarized on November 22, 2014, which charges Dynamex with violating the ADA by discriminating against Walker because of his disability. *See* Compl., Ex. 24, ECF No. 1 at 60-62. However, the Complaint does not allege that this document was, in fact, filed with the NYCCHR, or the date of such filing.[3] In his Reply Brief, Walker contends that the NYCCHR chose to pursue Walker's claims and charged Dynamex with two counts of disability discrimination. Pl. Reply at 2. The Complaint does not state the status of these New York proceedings, does not allege that the Complaint was cross-filed with the EEOC, and does not allege that a right-to-sue notice has been issued by the EEOC.

Accordingly, I conclude that Walker has failed to exhaust his administrative remedies and dismiss the case on this separate ground.

## CONCLUSION

For the reasons above, the Defendants' motion to dismiss is granted. The Complaint is dismissed without prejudice. The Clerk is respectfully directed to close the case.

---

[3] Assuming it was actually filed, Walker authorized the NYCCHR "to accept this Verified Complaint on behalf of the [EEOC]." *See* Compl., Ex. 24 ¶ 14, ECF No. 1 at 62.

So ordered.


John Gleeson, U.S.D.J.

Dated: April 27, 2015
       Brooklyn, New York